UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

MAKSIM SHERMAN,                                  : Civil Action:

                Plaintiff,                      : COMPLAINT

      -- against --                                  : Demand for Jury Trial

COUNTY OF NASSAU, NASSAU COUNTY                  :
POLICE DEPARTMENT, POLICE OFFICER
DAVID J. McGARRIGLE, POLICE OFFICER              :
CHRISTOPHER J. ACQUILINO, and "JOHN DOES
1-3", PERSONS EMPLOYED BY NASSAU                 :
COUNTY POLICE DEPARTMENT,

                Defendants.                     x

---------------------------------------------------------------- 

Plaintiff, MAKSIM SHERMAN, by and through his attorneys, ATESHOGLOU & AIELLO, P.C., alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff MAKSIM SHERMAN (hereinafter "Plaintiff") brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of his civil rights under 42 U.S.C. Section 1983 and the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and the rights secured by the Constitution of the State of New York, Article I, Sections 6, 8, 11, and 12, and by the common law of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4).

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over any and all state constitutional and state law claims as such claims are

so related to claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Section 1391 (a), (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action on each and every claim pleaded herein pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and who is presently, and was at all times relevant to this action, domiciled in the County of Nassau and State of New York.

7. Defendant COUNTY OF NASSAU (hereinafter "NASSAU COUNTY") is a municipal entity, created and existing pursuant to the laws of the State of New York.

8. Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NCPD"), is a County agency, organized under and existing and operating by virtue of the laws of the State of New York and the County of Nassau.

9. That at all times herein mentioned, NASSAU COUNTY operated, controlled and maintained a police force known as the NCPD which was the agent of NASSAU COUNTY in the area of law enforcement, and NASSAU COUNTY had the responsibility and obligation to use reasonable care in hiring, training, and supervising its NCPD employees and assumed the risks incidental to the maintenance of the NCPD and its officers, agents and employees.

10. That at all times herein mentioned, Defendant POLICE OFFICER DAVID J. McGARRIGLE, Shield Number 3666 (hereinafter "Defendant McGARRIGLE") was an NCPD

police officer employed by NASSAU COUNTY and acting within the course and scope of his employment.

11. That at all times herein mentioned, Defendant POLICE OFFICER CHRISTOPHER J. ACQUILINO (hereinafter "Defendant ACQUILINO") was an NCPD police officer employed by NASSAU COUNTY and acting within the course and scope of his employment.

12. That at all times herein mentioned, the names "JOHN DOES 1 through 3" are fictitious, and are intended to be individuals employed by NASSAU COUNTY and engaged in law enforcement, who were involved in the stop, detention, search, arrest, prosecution, and confinement of Plaintiff, whose names are presently unknown to Plaintiff.

13. That at all times herein mentioned, Defendants JOHN DOES 1 through 3 were NCPD police officers employed by NASSAU COUNTY and acting within the course and scope of their employment.

14. That at all times herein mentioned, Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 were acting under color of state law.

15. That at all times herein mentioned, Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 acted jointly and in concert with each other.

16. That at all times herein mentioned, Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 had a duty and obligation to protect the rights of individual citizens generally, and the rights of Plaintiff in particular, as guaranteed by the United States Constitution and the laws of the State of New York.

17. All Defendants are sued herein in both their individual and official capacities.

## STATEMENT OF FACTS

18. The facts alleged in this complaint are based upon the personal observations of Plaintiff regarding events that took place in his presence, and upon information and belief, the sources thereof are documents prepared in connection with the arrest and / or criminal prosecution of Plaintiff, and public documents and information relating thereto which are presently available to Plaintiff. The aforesaid documentary evidence is presently incomplete, as it does not include numerous documents and exhibits, and therefore the complaint has been prepared without the benefit of discovery.

19. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

20. On or about April 2, 2015, at approximately 1:40 a.m., Plaintiff was arrested at or near Stuyvesant Ave / York Street, East Meadow, Nassau County, State of New York. Plaintiff was not engaged in any illegal activity.

21. Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 stopped, detained, searched, handcuffed and arrested Plaintiff without an arrest warrant, without reasonable suspicion, without probable cause, and without any reasonably reliable information that Plaintiff had committed any illegal act. Any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any report or information that Plaintiff had committed a crime was false and baseless, and that there was no legal justification for the detention or arrest of Plaintiff.

22. At or near the time and place of arrest, Plaintiff did not resist the illegal arrest.

23. At or near the time and place of arrest, without necessity or justification, Defendants did exert significant and excessive physical force against Plaintiff, and / or the threat of physical

force in restraining Plaintiff without necessity or justification, which caused Plaintiff to sustain physical pain, harm and injuries.

24. At or near the time and place of arrest, without necessity or justification, Defendants did strike Plaintiff multiple times with a police baton causing Plaintiff to sustain significant physical injuries.

25. Plaintiff was transported to the emergency room of Nassau University Medical Center, where he remained for approximately thirty (30) hours, and received medical treatment for the aforementioned injuries caused by Defendants.

26. Plaintiff was transported from Nassau University Medical Center by police and held in police custody until he was arraigned approximately forty-eight (48) hours after the arrest.

27. Plaintiff was arraigned in Criminal Court, Nassau County District Court, First District, and charged with Assault in the Second Degree (NYPL Section 120.05), Obstructing Governmental Administration in the Second Degree (NYPL Section 195.05), and Resisting Arrest (NYPL Section 205.30).

28. Prosecution of Plaintiff for the aforesaid charges was commenced and continued in Nassau County District Court, First District (Docket Number 006774), and continues until present date, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

29. Plaintiff was and remains required to appear and remain in court on numerous occasions in connection with the aforesaid wrongful and malicious prosecution.

30. Plaintiff was and remains obligated to retain and compensate counsel to represent him in connection with the aforesaid wrongful and malicious prosecution.

31. At all times relevant to this action, Defendants acted intentionally, willfully, knowingly, maliciously, negligently, and with reckless disregard for, and deliberate indifference to the constitutional and civil rights of Plaintiff.

32. The actions of Defendants in the arrest, detention and prosecution of Plaintiff were done with malice and a deliberate indifference to the constitutional rights of Plaintiff, and were the direct result of the failure of Defendants NASSAU COUNTY and NCPD to properly hire, train, supervise, monitor and discipline its police officers, employees and agents, and policies, practices and customs developed, implemented, enforced, encouraged, sanctioned or tolerated by Defendants NASSAU COUNTY and NCPD.

33. As a result of the aforesaid, Plaintiff sustained physical injuries, emotional injuries and distress, pain and suffering, loss of enjoyment of life, mental anguish, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, fear, and costs, expenses, financial, economic and professional losses.

34. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT McGARRIGLE, DEFENDANT ACQUILINO, AND DEFENDANTS JOHN DOES 1 THROUGH 3
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution
(Excessive Force)

35. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, utilized objectively unreasonable and excessive force against Plaintiff, in violation of Plaintiff's right to be free from unreasonable seizure and excessive force in the course of an arrest as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

SECOND CLAIM FOR RELIEF AGAINST DEFENDANT McGARRIGLE, DEFENDANT ACQUILINO, AND DEFENDANTS JOHN DOES 1 THROUGH 3
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution
(False Arrest and Imprisonment)

37. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, stopped, detained, searched, handcuffed and arrested Plaintiff and did cause Plaintiff to be imprisoned, incarcerated, held or detained, without an arrest warrant, without probable cause, without any reasonably reliable information that Plaintiff had committed, was committing, or would commit, any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed and would not commit any illegal act and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the stop, detention, search, arrest, imprisonment or incarceration of Plaintiff, were in violation of Plaintiff's rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT McGARRIGLE, DEFENDANT ACQUILINO, AND DEFENDANTS JOHN DOES 1 THROUGH 3
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution
(Abuse of Process)

39. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts, with the purpose of activating the process with intent to harm Plaintiff without economic or social excuse or justification, to obtain a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate purpose of the process. Defendants' collateral objectives included the concealment of Defendants' own criminal acts in knowingly arresting Plaintiff without legal basis, justification or probable cause.

41. The aforesaid acts of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights to be free from unreasonable searches and seizures and due process of law as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth Amendment to the United States Constitution
(Malicious Prosecution)

42. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

44. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

45. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

46. Defendants were also directly and actively involved in the continuation of criminal proceedings against Plaintiff.

47. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

48. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

49. As a result of the foregoing, Plaintiff was and still is being deprived of his liberty, and denied fundamental constitutional rights, in violation of Plaintiff's right to procedural due process under the Fourth Amendment to the United States Constitution.

<u>FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS</u>
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourteenth Amendment to the United States Constitution
(Equal Protection)

50. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, deprived Plaintiff of equal protection of the laws, in violation of Plaintiff's right to equal protection of the laws as secured by the Fourteenth Amendment to the United States Constitution.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT McGARRIGLE, DEFENDANT ACQUILINO, AND DEFENDANTS JOHN DOES 1 THROUGH 3
Violation of Rights Secured by 42 U.S.C. Section 1983 and First, Fourth, and Fourteenth Amendments to the United States Constitution
(Failure to Intervene)

52.   Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53.   Defendants each had an affirmative duty to intervene on behalf of Plaintiff whose constitutional and civil rights were being violated in their presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of Plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS NASSAU COUNTY AND NCPD
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution
(Municipal Liability "Monell" Claim)

54.   Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 53 with the same force and effect as if fully set forth herein.

55.   Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3, each individually and collectively, within the scope of their employment and authority and under color of state law, engaged in conduct which constituted customs, policies, procedures, rules or usages of the NCPD and the specific NCPD precincts to which they were assigned and which were in violation of the rights of individuals as secured by the Constitution of the United States.

56.   The aforesaid customs, policies, procedures, rules or usages of the NCPD and the specific NCPD precinct(s) included but were not limited to, the use of excessive force, stopping,

detaining, searching, arresting, imprisoning or incarcerating the arrest without legal justification or probable cause, and not intervening when other officers violated an individual's civil and constitutional rights.

57. The aforesaid conduct was consistent with the institutionalized practices of the NCPD which was known and sanctioned by Defendants NASSAU COUNTY and NCPD.

58. Despite knowledge of the institutionalized practices of the NCPD, Defendants NASSAU COUNTY and NCPD took no effective actions to end or prevent such practices.

59. Defendants NASSAU COUNTY and NCPD had prior notice of the propensity of Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 for imposing excessive force, and abusing their authority, but took no steps to end or prevent them from doing so.

60. Defendants NASSAU COUNTY and NCPD had prior notice that Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 had inadequate training regarding the applicable provisions of the Penal Law of the State of New York, other applicable laws, federal and state constitutional protections and the prudent and excessive levels of physical force, but took no steps to ensure that they were provided with adequate appropriate training.

61. Defendants NASSAU COUNTY and NCPD authorized, tolerated and ratified the misconduct of its police officers generally, and Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3 specifically, by failing to discipline police officers, failing to take adequate precautions in hiring, educating, training, promoting and retaining police officers, failing to turn over evidence of unlawful and criminal acts to prosecutors, failing to establish and maintain a meaningful system for responding to complaints of police

misconduct, which constituted deliberate indifference by NASSAU COUNTY and NCPD to the constitutional and civil rights secured by the United States Constitution, and indifference to physical safety and well-being.

## STATE LAW CLAIMS

### NOTICES OF CLAIM

62. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after Plaintiff's claims arose, Plaintiff filed a Notice of Claim upon Defendants NASSAU COUNTY and NCPD by delivering copies of such Notices of Claim to the persons designated by law upon whom such service is to be made.

64. More than thirty (30) days have elapsed since the presentation of Plaintiff's claims to Defendants NASSAU COUNTY and NCPD.

65. The Notices of Claim were in writing, sworn to by the Plaintiff, and contained all facts and information required pursuant to New York General Municipal Law Section 50-e including the name and address of the Plaintiff, the nature of Plaintiff's claims, the time and place, and manner by which any of the claims arose, and the injuries and damages sustained by Plaintiff.

66. Defendants NASSAU COUNTY and NCPD have failed to adjust or pay Plaintiff's claims.

67. This action was commenced within one (1) year after the claims accrued.

68. Plaintiff has complied with all conditions precedent to maintaining this action.

69. All state causes of action pleaded herein fall within one or more of the exceptions set forth in New York Civil Practice Law & Rules Section 1602 with respect to joint and several liability.

### EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 12 of the New York State Constitution
Law of the State of New York
(Assault)

70. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 69 with the same force and effect as if fully set forth herein.

71. Defendants, acting in concert and within the scope of their employment and authority, by the use of physical force and threatened use of physical force without necessity or justification, placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

72. Defendants intended to make or intended to threaten to make offensive bodily contact with Plaintiff.

73. Defendants knew, or should have known, that the offensive bodily contact or threat of offensive bodily contact would constitute an assault of Plaintiff.

74. Plaintiff was aware of the offensive bodily contact and Plaintiff did not consent or acquiesce to it.

75. Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

### NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 12 of the New York State Constitution
Law of the State of New York
(Battery)

76. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 75 with the same force and effect as if fully set forth herein.

77. Defendants, acting in concert and within the scope of their employment and authority, by the use of physical force without necessity or justification, subjected Plaintiff to offensive bodily contact.

78. Defendants intended to make offensive bodily contact with Plaintiff.

79. Defendants knew, or should have known, that the offensive bodily contact would constitute a battery of Plaintiff.

80. Plaintiff was aware of the offensive bodily contact, it was offensive to Plaintiff and Plaintiff did not consent or acquiesce to it.

81. Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

<u>TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>
Violation of Rights Secured by Article I, Section 12 of the New York State Constitution
Law of the State of New York
(False Arrest / Imprisonment)

82. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 81 with the same force and effect as if fully set forth herein.

83. Defendants, acting in concert and within the scope of their employment and authority, stopped, detained, searched, handcuffed and arrested Plaintiff and did cause Plaintiff to be imprisoned, incarcerated, held or detained, without an arrest warrant, without probable cause, without any reasonably reliable information that Plaintiff had committed, was committing, or would commit, any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed and would not commit any illegal act and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the stop, detention, search, arrest,

imprisonment or incarceration of Plaintiff, were in violation of Plaintiff's rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as secured by the Constitution and laws of the State of New York.

84. Defendants knew, or should have known, that the confinement would constitute the false arrest and imprisonment of Plaintiff.

85. Plaintiff was aware of the confinement and did not consent to the confinement.

86. The confinement was not privileged in any way and was without legal justification.

87. Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 6 of the New York State Constitution
Law of the State of New York
(Malicious Prosecution)

88. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 87 with the same force and effect as if fully set forth herein.

89. Defendants, acting in concert and within the scope of their employment and authority, engaged in a deliberate and unjustified course of action to prosecute Plaintiff, and to secure a conviction based upon fabricated evidence, for crimes that Plaintiff did not commit, without probable cause, without any reasonably reliable information that Plaintiff had committed any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any illegal act and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution of Plaintiff, were in violation of Plaintiff's rights to be free from

unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as secured by the Constitution and laws of the State of New York.

90.     By virtue of the aforementioned acts, Defendants deprived Plaintiff of his liberty and property without due process of law, in contravention of Article I, Section 6 of the New York State Constitution.

91.     Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 12 of the New York State Constitution
Law of the State of New York
(Abuse of Process)

92.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 91 with the same force and effect as if fully set forth herein.

93.     Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts, with the purpose of activating the process with intent to harm Plaintiff without economic or social excuse or justification, to obtain a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate purpose of the process. Defendants' collateral objectives included the concealment of Defendants' own criminal acts in knowingly arresting Plaintiff without legal basis, justification or probable cause.

94.     Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Law of the State of New York
(Intentional Infliction of Emotional Distress)

95.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 94 with the same force and effect as if fully set forth herein.

96.     Defendants, acting in concert and within the scope of their employment and authority, engaged in conduct that was extreme, outrageous, shocking, and offensive and which exceeded all standards of reasonable behavior, and was intended, and reasonably expected to cause severe emotional distress to Plaintiff, and did in fact cause Plaintiff extreme emotional distress.

97.     Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

FOURTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Law of the State of New York
(Negligent Infliction of Emotional Distress)

98.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 97 with the same force and effect as if fully set forth herein.

99.     Defendants, acting in concert and within the scope of their employment and authority, engaged in conduct that was extreme, outrageous, shocking, and offensive and which exceeded all standards of reasonable behavior, carelessly, negligently, and with disregard for the mental health, and the psychological and emotional well-being of Plaintiff, which did in fact cause Plaintiff extreme emotional distress.

100.    Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

FIFTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Law of the State of New York
(Negligence / Gross Negligence)

101.	Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 100 with the same force and effect as if fully set forth herein.

102.	Defendants, acting in concert and within the scope of their employment and authority, failed to exercise reasonable care in the performance of their duties, failed to adequately evaluate the relevant facts and circumstances, failed to take adequate precautions for the safety and well-being of Plaintiff, acted with utter disregard for the safety and well-being of Plaintiff, and were otherwise negligent and grossly negligent, which negligence and gross negligence was the proximate cause of injuries and damages sustained by Plaintiff without any negligence on the part of Plaintiff contributing thereto.

103.	Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANTS
NASSAU COUNTY AND NCPD
Law of the State of New York
(Negligent Screening, Hiring, Supervision and Retention)

104.	Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 103 with the same force and effect as if fully set forth herein.

105.	Defendants NASSAU COUNTY and NCPD failed to use reasonable care in screening, hiring, supervising, and retaining NCPD employees generally, and Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3, specifically, as well as any and all other officers, employees, or agents of Defendants NASSAU COUNTY and

NCPD that were involved in the stop, detention, search, handcuffing, arrest, or prosecution of Plaintiff.

106. Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

### SEVENTEENTH CAUSE OF ACTION AGAINST DEFENDANTS NASSAU COUNTY AND NCPD
Law of the State of New York
(Negligent Training)

107. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 106 with the same force and effect as if fully set forth herein.

108. Defendants NASSAU COUNTY and NCPD failed to use reasonable care in training, educating and informing NCPD employees generally, and Defendant McGARRIGLE, Defendant ACQUILINO, and Defendants JOHN DOES 1 through 3, specifically, as well as any and all other officers, employees, or agents of Defendants NASSAU COUNTY and NCPD that were involved in the stop, detention, search, handcuffing, arrest, or prosecution of Plaintiff.

109. Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

### EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 8 of the New York State Constitution
Law of the State of New York

110. Plaintiff repeats, re-alleges and incorporates by reference all allegation set forth in the preceding paragraphs 1 through 109 with the same force and effect as if fully set forth herein.

111.     Defendants, acting in concert and within the scope of their employment and authority, retaliated against Plaintiff for protesting police misconduct, in violation of Plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

112.     Defendants NASSAU COUNTY and NCPD are liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. Section 1988;

d. Plaintiff's costs;

e. Pre-judgment and post-judgment interest;

f. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 22, 2016

Respectfully submitted,

ATESHOGLOU & AIELLO, P.C.

By: _____
Philip V. Aiello (PA-2908)
11 Park Place, Suite 1715
New York, New York 10007
(212) 545-1740
paiello@atesh.com

*Attorneys for Plaintiff*