UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MAKSIM SHERMAN,

                       Plaintiff,

-- against --

COUNTY OF NASSAU AND POLICE OFFICER
DAVID J. MCGARRIGLE,

                       Defendants.
------------------------------------------------------------- x

: **SECOND AMENDED COMPLAINT**

: 16-CV-1416 (DRH) (AYS)

Plaintiff, MAKSIM SHERMAN, by and through his attorneys, ATESHOGLOU & AIELLO, P.C., alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff MAKSIM SHERMAN (hereinafter "Plaintiff") brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of his rights under 42 U.S.C. Section 1983 and the First, Fourth and Fourteenth Amendments of the United States Constitution, and his rights secured by the Constitution of the State of New York, Article I, Sections 8 and 12, and by the common law of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4).

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over any and all state constitutional and state law claims as such claims are so related to claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Section 1391 (a), (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action on each and every claim pleaded herein pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, who is presently, and was at all times relevant to this action, domiciled in the County of Nassau and State of New York.

7. Defendant COUNTY OF NASSAU (hereinafter "NASSAU COUNTY") is a municipal entity, created and existing pursuant to the laws of the State of New York.

8. Nassau County Police Department (hereinafter "NCPD"), is a County agency, organized under and existing and operating by virtue of the laws of the State of New York and the County of Nassau.

9. At all times herein mentioned, NASSAU COUNTY operated, controlled and maintained a police force known as the NCPD which was the agent of Defendant NASSAU COUNTY in the area of law enforcement, and Defendant NASSAU COUNTY had the responsibility and obligation to use reasonable care in hiring, training, and supervising its NCPD employees and assumed the risks incidental to the maintenance of the NCPD and its officers, agents and employees.

10. At all times herein mentioned, Defendant POLICE OFFICER DAVID J. MCGARRIGLE, Shield Number 3666 (hereinafter "MCGARRIGLE") was an NCPD police

officer employed by Defendant NASSAU COUNTY and was acting within the course and scope of his employment.

11. At all times herein mentioned, Defendants were acting under color of state law.

12. At all times herein mentioned, Defendants had a duty and obligation to protect the rights of individual citizens generally, and the rights of Plaintiff in particular, as guaranteed by the United States Constitution, the Constitution of the State of New York, and the laws of the State of New York.

13. Defendant MCGARRIGLE is sued herein in both his individual and official capacities.

## STATEMENT OF FACTS

14. The facts alleged in this complaint are based upon the personal observations of Plaintiff regarding events that took place in his presence, and upon information and belief, the sources thereof are documents prepared in connection with the arrest of Plaintiff, and public documents and information relating thereto which are presently available to Plaintiff. The aforesaid documentary evidence is presently incomplete, as it does not include numerous documents and exhibits; therefore, the complaint has been prepared without the benefit of full discovery.

15. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 13 with the same force and effect as if fully set forth herein.

16. On or about April 2, 2015, at approximately 1:40 a.m., Plaintiff was arrested at or near Stuyvesant Ave/York Street, East Meadow, Nassau County, State of New York, by Defendants, and charged with Assault in the Second Degree (NYPL § 120.05), Obstructing

Governmental Administration in the Second Degree (NYPL § 195.05), and Resisting Arrest (NYPL § 205.30) (hereinafter the "Arrest").

17. Plaintiff did not pose an immediate threat to the safety of Defendants or others.

18. Plaintiff did not resist Arrest.

19. Plaintiff did not attempt to evade Arrest by flight or any other means.

20. At or near the time and place of Arrest, Defendant MCGARRIGLE did commit the assault and battery of Plaintiff.

21. At or near the time and place of Arrest, without necessity or justification, Defendant MCGARRIGLE did intentionally exert improper, significant and excessive physical force against Plaintiff, and / or the threat of physical force in restraining Plaintiff without necessity or justification, which caused Plaintiff to sustain injuries and losses.

22. At or near the time and place of Arrest, without necessity or justification, Defendant MCGARRIGLE did strike Plaintiff with a police baton causing Plaintiff to sustain significant physical injuries.

23. At or near the time and place of Arrest, police officers, agents, servants, licensees and/or employees of Defendant NASSAU COUNTY witnessed Defendant MCGARRIGLE exert excessive force against Plaintiff and did not intervene, though they had the realistic opportunity to do so.

24. Prosecution of Plaintiff for the aforesaid charges was instituted and continued in Nassau County District Court, First District (Docket Number 2015NA006774), until May 5, 2016, on which date Plaintiff entered a plea of guilty to the violation of Disorderly Conduct (NYPL § 240.20 [7]).

25. At all times relevant to this action, Defendant MCGARRIGLE acted intentionally, willfully, knowingly, negligently, and with reckless disregard for, and deliberate indifference to the rights of Plaintiff.

26. The acts of Defendant MCGARRIGLE prior to and during the course of the Arrest of Plaintiff were the direct result of the failure of Defendant NASSAU COUNTY to properly hire, train, supervise, monitor and discipline its police officers, agents, servants, licensees and / or employees.

27. The acts of Defendant MCGARRIGLE prior to and during the course of the Arrest of Plaintiff were the direct result of policies, practices and customs developed, implemented, enforced, encouraged, sanctioned or tolerated by Defendant NASSAU COUNTY.

28. As a result of the aforesaid acts or omissions of Defendants, Plaintiff sustained personal, physical, and emotional injuries and losses including, pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, professional and economic losses, and financial costs and expenses.

29. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth Amendment
of the United States Constitution
(Excessive Force)

30. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. Defendant MCGARRIGLE, acting within the scope of his employment and authority and under color of state law, utilized objectively unreasonable and excessive amounts of force against Plaintiff in light of the facts and circumstances confronting Defendant MCGARRIGLE, including: the petty nature of the offense at issue; that Plaintiff did not pose an immediate threat to the safety of Defendants or others; that Plaintiff was not armed; that Plaintiff was not actively resisting arrest or attempting to evade arrest by flight; that the duration of Defendant's actions were unnecessary; that Defendant was only contending against Plaintiff; and that the physical force applied by Defendant was of such an extent as to lead to unnecessary injury to Plaintiff.

32. Defendant MCGARRIGLE intentionally engaged in acts that deprived Plaintiff of his constitutional right not to be subjected to use of excessive force as secured by the Fourth Amendment guarantee not to be unreasonably seized by government officials.

33. Defendant MCGARRIGLE ought to have foreseen that injury or loss was likely to result from such acts.

34. The acts of Defendant MCGARRIGLE were the direct and proximate cause of the injuries and losses sustained by Plaintiff, and were in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

35. As a direct and proximate cause of Defendants' deprivation of Plaintiff's right not to be subjected to use of excessive force, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

36. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

SECOND CAUSE OF ACTION AGAINST DEFENDANT NASSAU COUNTY
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution
(Failure to Intervene)

37. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. Defendant NASSAU COUNTY, by and through their police officers, agents, servants, licensees and / or employees, acting within the scope of their employment and authority and under color of state law, had an affirmative duty to intervene on behalf of Plaintiff whose Fourth Amendment right not to be subjected to use of excessive force was violated by Defendant MCGARRIGLE in the presence of said police officers, agents, servants, licensees and / or employees, all of whom had a duty to intervene to prevent the use of excessive force by a fellow officer.

39. Defendant NASSAU COUNTY, by and through their police officers, agents, servants, licensees and / or employees, failed to intervene and/or prevent the aforementioned unlawful conduct and violation of Plaintiff's rights, despite having a realistic opportunity to do so.

40. Defendant NASSAU COUNTY is liable for the violation of Plaintiff's rights as Defendant NASSAU COUNTY, by and through their police officers, agents, servants, licensees and / or employees knew or should have known that inaction on their part could lead to harm to Plaintiff

41. Defendant NASSAU COUNTY is liable for the violation of Plaintiff's rights as Defendant NASSAU COUNTY, by and through their police officers, agents, servants, licensees

and / or employees by and through their police officers, agents, servants, licensees and / or employees failed to intervene and/or stop the violation.

42. The acts or omissions of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate cause of Defendants' deprivation of Plaintiff's rights, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

44. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. Section 1983 and the First Amendment of
the United States Constitution
(Retaliation for Protected Speech)

45. Plaintiff repeats, re-alleges and incorporates by reference all allegation set forth in the preceding paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

46. Defendant MCGARRRIGLE, acting within the scope of his employment and authority and under color of state law, retaliated against Plaintiff for verbally protesting police misconduct, in violation of Plaintiff's right to freedom of speech and his right to be free from police action motivated by retaliatory animus as secured by the First Amendment.

47. The actions of Defendant MCGARRIGLE prior to and in the course of the Arrest of Plaintiff, were objectively unreasonable in that Defendant MCGARRIGLE should have known

that he could not exercise his discretion to utilize excessive amounts of force against Plaintiff in retaliation for Plaintiff's First Amendment activity.

48. The acts of Defendants were the direct and proximate cause of the injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

49. As a direct and proximate cause of Defendants' deprivation of Plaintiff's rights to freedom of speech and to be free from police action motivated by retaliatory animus, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

50. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT NASSAU COUNTY
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution
(Municipal Liability "Monell" Claim)

51. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendant MCGARRIGLE, within the scope of his employment and authority and under color of state law, engaged in conduct which was in accordance with constituted customs, policies, procedures, rules, or usages of Defendant NASSAU COUNTY which were in violation of the rights of individuals as secured by the Constitution of the United States.

53. The aforesaid customs, policies, procedures, rules or usages of Defendant NASSAU COUNTY included but were not limited to, the use of excessive force, stopping, detaining, searching, arresting, imprisoning or incarcerating an individual without legal justification or probable cause, and not intervening when other officers violated an individual's constitutional rights.

54. The aforesaid conduct of Defendant MCGARRIGLE was consistent with the institutionalized practices of Defendant NASSAU COUNTY which were known by Defendant NASSAU COUNTY.

55. Despite the knowledge of Defendant NASSAU COUNTY of the aforesaid institutionalized practices, Defendant NASSAU COUNTY took no effective actions to end or prevent such practices.

56. Defendant NASSAU COUNTY had prior notice of the propensity of Defendant MCGARRIGLE for imposing excessive force, and abusing his authority, but took no steps to end or prevent him from doing so.

57. Defendant NASSAU COUNTY had prior notice that Defendant MCGARRIGLE had inadequate training regarding the applicable provisions of the Penal Law of the State of New York, other applicable laws, federal and state constitutional protections and the prudent and excessive levels of physical force, but took no steps to ensure that they were provided with adequate or appropriate training.

58. Defendant NASSAU COUNTY authorized, tolerated and ratified the misconduct of its police officers generally, and Defendant MCGARRIGLE specifically, by failing to discipline police officers, failing to take adequate precautions in hiring, educating, training, promoting and retaining police officers, failing to establish and maintain a meaningful system for responding to

complaints of police misconduct, which constituted deliberate indifference by Defendant NASSAU COUNTY to the rights secured by the United States Constitution, and indifference to physical safety and well-being.

59. The acts or omissions of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's right not to be subjected to excessive force as secured by the Fourth Amendment of the United States Constitution.

60. As a direct and proximate cause of Defendants' deprivation of Plaintiff's rights, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

61. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

## STATE LAW CLAIMS

62. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after Plaintiff's claims arose, Plaintiff filed a Notice of Claim upon Defendant NASSAU COUNTY by delivering copies of the Notice of Claim to the persons designated by law upon whom such service is to be made.

64. The Notice of Claim was in writing, sworn to by the Plaintiff, and contained all facts and information required pursuant to New York General Municipal Law Section 50-e including the name and address of the Plaintiff, the nature of Plaintiff's claims, the time and place, and manner by which any of the claims arose, and the injuries and damages sustained by Plaintiff.

65. More than thirty (30) days have elapsed since the presentation of Plaintiff's claims to Defendant NASSAU COUNTY.

66. Defendant NASSAU COUNTY has failed to adjust or pay Plaintiff's claims.

67. A hearing was conducted pursuant to General Municipal Law Section 50-h on or about June 23, 2016.

68. This action was commenced within one (1) year after all claims accrued.

69. Plaintiff has complied with all conditions precedent to maintaining this action.

70. All state causes of action pleaded herein fall within one or more of the exceptions set forth in New York Civil Practice Law & Rules Section 1602 with respect to joint and several liability.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 12 of the New York State Constitution
Law of the State of New York
(Assault and Battery)

71. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 70 with the same force and effect as if fully set forth herein.

72. Defendant MCGARRIGLE, acting within the scope of his employment and authority, by the use of physical force and threatened use of physical force, without necessity or justification, placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

73. Defendant MCGARRIGLE intended to make or intended to threaten to make offensive bodily contact with Plaintiff.

74. Defendant MCGARRIGLE knew, or should have known, that the offensive bodily contact or threat of offensive bodily contact would constitute an assault of Plaintiff.

75. Defendant MCGARRIGLE knew, or should have known, that the offensive bodily contact would constitute a battery of Plaintiff.

76. Plaintiff was aware of the offensive bodily contact, it was offensive to Plaintiff and Plaintiff did not consent or acquiesce to it.

77. As a direct and proximate cause of Defendant MCGARRIGLE's assault and battery of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

78. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

79. Defendant NASSAU COUNTY is liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Section 8 of the New York State Constitution
(Retaliation for Protected Speech)

80. Plaintiff repeats, re-alleges and incorporates by reference all allegation set forth in the preceding paragraphs 1 through 79 with the same force and effect as if fully set forth herein.

81. Defendant MCGARRRIGLE, acting within the scope of his employment and authority, retaliated against Plaintiff for verbally protesting police misconduct, in violation of Plaintiff's right to freedom of speech and his right to be free from police action motivated by retaliatory animus under Article I, Section 8 of the New York State Constitution.

82. The actions of Defendant MCGARRIGLE prior to and in the course of the Arrest of Plaintiff, were objectively unreasonable in that Defendant MCGARRIGLE should have known that he could not exercise his discretion to utilize excessive amounts of force against Plaintiff in retaliation for Plaintiff's protected speech.

83. As a direct and proximate cause of Defendant MCGARRIGLE's deprivation of Plaintiff's rights to freedom of speech and to be free from police action motivated by retaliatory animus, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

84. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

85. Defendant NASSAU COUNTY is liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Law of the State of New York
(Intentional/Negligent Infliction of Emotional Distress)

86. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 85 with the same force and effect as if fully set forth herein.

87. Defendant MCGARRIGLE acting within the scope of his employment and authority, engaged in conduct that was extreme, outrageous, shocking, and offensive and which exceeded all standards of reasonable behavior, and was intended, and reasonably expected to cause severe emotional distress to Plaintiff, and did in fact cause Plaintiff severe emotional distress.

88. As a direct and proximate cause of Defendant MCGARRIGLE's intentional/negligent infliction of emotional distress on Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

89. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

90. Defendant NASSAU COUNTY is liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Law of the State of New York
(Negligence/Gross Negligence)

91. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 90 with the same force and effect as if fully set forth herein.

92. Defendant MCGARRIGLE, acting within the scope of his employment and authority, failed to exercise reasonable care in the performance of his duties, failed to adequately evaluate the relevant facts and circumstances, failed to take adequate precautions for the safety and well-being of Plaintiff, acted with utter disregard for the safety and well-being of Plaintiff, and was otherwise negligent and grossly negligent, of which negligence and gross negligence was the proximate cause of injuries and damages sustained by Plaintiff without any negligence on the part of Plaintiff contributing thereto.

93. As a direct and proximate cause of Defendant MCGARRIGLE's negligence and gross negligence, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

94. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

95. Defendant NASSAU COUNTY is liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### NINTH CAUSE OF ACTION AGAINST DEFENDANT NASSAU COUNTY
Law of the State of New York
(Negligent Screening, Hiring, Supervision and Retention)

96. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 95 with the same force and effect as if fully set forth herein.

97. Defendant NASSAU COUNTY failed to use reasonable care in screening, hiring, supervising, and retaining NCPD employees generally, police officers, agents, servants, licensees and / or employees, and Defendant MCGARRIGLE specifically.

98. As a direct and proximate cause of Defendant's negligent screening, hiring, supervision and retention, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

99. The conduct of Defendant set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendant liable to Plaintiff for punitive damages.

TENTH CAUSE OF ACTION AGAINST DEFENDANT NASSAU COUNTY
Law of the State of New York
(Negligent Training)

100. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 99 with the same force and effect as if fully set forth herein.

101. Defendant NASSAU COUNTY failed to use reasonable care in training, educating and informing NCPD employees generally, police officers, agents, servants, licensees and / or employees, and Defendant MCGARRIGLE specifically.

102. As a direct and proximate cause of Defendant's negligent training, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

103. The conduct of Defendant set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendant liable to Plaintiff for punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. Section 1988;

d. Plaintiff's costs;

e. Pre-judgment and post-judgment interest;

f. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 12, 2016

Respectfully submitted,

By: _____
Philip V. Aiello (PA-2908)
ATESHOGLOU & AIELLO, P.C.
Attorneys for Plaintiff
11 Park Place, Suite 1715
New York, New York 10007
(212) 545-1740
paiello@atesh.com